[Cite as *State v. Jordan*, 2015-Ohio-4354.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

ROBERT E. JORDAN, JR.

    Appellant

C.A. No.    27690

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 14 06 1798A

DECISION AND JOURNAL ENTRY

Dated: October 21, 2015

CARR, Presiding Judge.

{¶1}    Appellant, Robert Jordan, Jr., appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    On June 30, 2014, the Summit County Grand Jury indicted Jordan and several co-defendants on a myriad of charges related to the murder of Shawn Dotson. After pleading not guilty to the charges at arraignment, Jordan filed a motion to sever his trial from one of his co-defendants. The trial court denied the motion. Jordan subsequently appeared for a change-of-plea hearing and pleaded guilty to one count of murder with a firearm specification as well as one count of aggravated burglary. The remaining charges were dismissed pursuant to the agreement. In accordance with the joint recommendation by the parties in the plea agreement, the trial court sentenced Jordan to a total sentence of 18 years to life.

{¶3}    On February 20, 2015, Jordan filed a motion in this Court for leave to file a delayed appeal.  This Court granted the motion.  Jordan raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

APPELLANT'S PLEA WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY AS THE TRIAL COURT FAILED TO PROPERLY NOTIFY APPELLANT THAT HE WAS WAIVING HIS RIGHT TO APPEAL.

{¶4}    In his sole assignment of error, Jordan contends that his plea was not knowing, intelligent, and voluntary.  Jordan argues that while the trial court generally informed him that he was waiving his right to appeal, it committed reversible error by failing to inform him at the plea colloquy that he was also waiving his right to appeal the trial court's ruling on pretrial motions. Jordan cites Crim.R. 11(C)(2)(b) in support of the proposition that a trial court must address the waiver of pretrial motions at a plea colloquy.  This Court disagrees.

{¶5}    "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.  Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." (Internal quotations and citations omitted.)  *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 9.  Crim.R. 11(C)(2)(a) compels a trial court to determine that "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved[.]"  Crim.R. 11(C)(2)(b), which Jordan cites in support of his argument, requires the trial court to "[i]nform[] the defendant of and determin[e] that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence[.]"  Crim.R. 11(C)(2)(a) and 11(C)(2)(b) deal with nonconstitutional notifications, and substantial compliance by a trial court during a plea colloquy

is sufficient. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 15. Crim.R. 11(C)(2)(c) requires the trial court to inform a criminal defendant that a plea waives the defendant's constitutional rights "to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c); *Veney*, 2008-Ohio-5200, at syllabus. Because Crim.R. 11(C)(2)(c) deals with the waiver of constitutional rights, strict compliance with the rule is required. *Veney* at ¶ 18.

{¶6} "[A] guilty plea represents a break in the chain of events that preceded it in the criminal process; thus, a defendant, who admits his guilt, waives the right to challenge the propriety of any action taken by a trial court or trial counsel prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea." *State v. Franco*, 9th Dist. Medina No. 07CA0090-M, 2008-Ohio-4651, ¶ 28, quoting *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 18 (9th Dist.). While Jordan argues that the trial court failed to adequately address the waiver of his right to appeal at the plea colloquy, Jordan has cited no authority in support of the proposition that trial court ran afoul of Crim.R. 11(C) by failing to specifically address the waiver of appellate rights with respect to pretrial motions. Moreover, this Court has held that "[t]he trial court's duty to advise a defendant of his right to appeal[] does not arise until sentencing and, therefore, has no effect upon whether the defendant's guilty plea was entered knowingly, voluntarily, and intelligently." *State v. Meredith*, 9th Dist. Summit No. 25198, 2011-Ohio-1517, ¶ 6, citing *State v. Atkinson*, 9th Dist. Medina No. 05CA0079-M, 2006-Ohio-5806, ¶ 22. Accordingly, the assignment of error is overruled.

III.

**{¶7}** Jordan's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.