[Cite as *State v. Weber*, 2024-Ohio-5901.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 30953 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT |
| | | ENTERED IN THE |
| ERIK DALE WEBER | | COURT OF COMMON PLEAS |
| | | COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2023-06-2169 |

DECISION AND JOURNAL ENTRY

Dated: December 18, 2024

CARR, Judge.

{¶1} Appellant, Erik Dale Weber, appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands.

I.

{¶2} On July 12, 2023, the Summit County Grand Jury indicted Weber on four counts of telecommunications harassment and one count of resisting arrest. The charges stemmed from Weber's practice of ingesting drugs and placing disturbing phone calls to women who worked at various offices throughout Summit County. During the course of the calls, Weber would make vulgar comments and engage in lewd conduct. After initially pleading not guilty to the charges at arraignment, Weber ultimately pleaded guilty to the charges in the indictment. The trial court ordered a victim impact statement. At sentencing, the trial court imposed a 90-day jail term on the count of resisting arrest and ordered that sentence to be served concurrently with the remaining counts. The trial court also sentenced Weber to a nine-month term of incarceration on each count

of telecommunications harassment and ordered that those sentences were to be served consecutively, for a total prison sentence of three years.

{¶3} On appeal, Weber raises one assignment of error pertaining to his sentence.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES UPON [APPELLANT], ABSENT THE FINDINGS REQUIRED BY LAW IN ACCORDANCE WITH R.C. 2929.14 AND *STATE V. BONNELL*.

{¶4} In his sole assignment of error, Weber argues that the trial court failed to make the required findings at the sentencing hearing in order to impose consecutive sentences. This Court agrees.

{¶5} R.C. 2929.14(C)(4) provides as follows:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶6} It is well settled that, "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing

hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. Notably, while the trial court must make the findings mandated by R.C. 2929(C)(4), the trial court "has no obligation to state reasons to support its findings." *Id*.

{¶7} As noted above, Weber challenges his sentence on the basis that the trial court failed to make the requisite findings at the sentencing hearing in order to impose consecutive sentences.

{¶8} We are compelled to sustain Weber's assignment of error. In support of its decision to run consecutively the four sentences imposed upon Weber for telecommunications harassment, the trial court was required to both make the findings mandated by R.C. 2929(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *See Bonnell* at syllabus; *State v. Santamaria*, 9th Dist. Summit No. 26963, 2014 -Ohio- 4787, ¶ 15-18. Although the trial court set forth findings in the November 14, 2023 sentencing entry, a review of the sentencing hearing transcript reveals that the trial court made no mention of the findings in support of its decision to impose consecutive sentences. The State has conceded error in this regard. This matter must be remanded solely for the limited purpose of allowing the trial court an opportunity to make findings in support of its decision to impose consecutive sentences.

{¶9} Weber's sole assignment of error is sustained to the extent that this matter must be remanded for the trial court to make the appropriate findings in support of its decision to impose consecutive sentences.

### III.

{¶10} Weber's sole assignment of error is sustained to the extent discussed above. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

DONALD POND, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.