[Cite as *State v. Yerkey*, 2025-Ohio-2289.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31163 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN YERKEY | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 23 CRB 1328 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2025

STEVENSON, Judge.

{¶1} Defendant-Appellant John Yerkey appeals from the judgment entries of the Stow Municipal Court denying his motion to dismiss based on a violation of statutory speedy trial rights and motion to withdraw/amend plea. For the reasons set forth below, we affirm.

I.

{¶2} Mr. Yerkey was charged with one count of aggravated menacing in violation of R.C. 2903.21, a first degree misdemeanor. He pleaded not guilty at his arraignment and counsel was appointed to represent him.

{¶3} Counsel moved to dismiss on Mr. Yerkey's behalf, alleging that his statutory speedy trial rights were violated. The trial court denied the motion to dismiss and scheduled a trial date at Mr. Yerkey's request. After conferring with counsel, Mr. Yerkey pleaded guilty to aggravated menacing and he signed a written acknowledgement and waiver of rights form. The

trial court accepted Mr. Yerkey's plea of guilty, issued a guilty finding, ordered a presentence investigation, and scheduled the matter for sentencing.

{¶4} The trial court sentenced Mr. Yerkey to 180 days in jail, with credit for time served, and imposed a $1,000 fine and court costs, with $500 of the fine suspended.

{¶5} Mr. Yerkey filed a post-sentence motion to withdraw/amend plea seeking to withdraw his guilty plea and enter a plea of no contest. The City of Hudson ("City") responded in opposition. The trial court denied the motion to withdraw/amend plea upon a finding of no manifest injustice.

{¶6} Mr. Yerkey appeals the trial court's orders denying his motion to dismiss on statutory speedy trial grounds and his motion to withdraw/amend plea, asserting three assignments of error for this Court's review. We address Mr. Yerkey's assignments of error out of order for ease of review.

II.

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED IN FINDING MR. YERKEY'S GUILTY PLEA [WAS] KNOWING, INTELLIGENT, AND VOLUNTARY.**

**ASSIGNMENT OF ERROR III**

**THE TRIAL COURT ERRED BY DENYING MR. YERKEY'S MOTION TO WITHDRAW/AMEND HIS GUILTY PLEA TO A PLEA OF NO CONTEST.**

{¶7} Mr. Yerkey argues that the trial court erred in denying his motion to withdraw/amend his plea based on his claim that his guilty plea was not knowing, intelligent, and voluntary. We have combined these assignments of error because our analysis of whether the trial court abused its discretion in denying the motion to withdraw/amend guilty plea is based in part

on whether the plea was knowing, intelligent, and voluntary. For the reasons set forth below, we disagree with the arguments presented in assignments of error two and three.

## Standard of Review

{¶8} Crim.R. 32.1, titled "Withdrawal of guilty plea[,]" provides:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

The Ohio Supreme Court has construed Crim.R. 32.1 and explained that "'[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice.'" *State v. Straley*, 2019-Ohio-5206, ¶ 14, quoting *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. "A manifest injustice is a clear or openly unjust act, . . . and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice, . . . ." (Internal quotations and citations omitted.) *Straley* at ¶ 14. This Court has consistently recognized that "'[a] post-sentence withdrawal of a plea is only permissible under extraordinary cases . . . .'" *State v. Goodman*, 2024-Ohio-3353, ¶ 8 (9th Dist.), quoting *State v. Gordon*, 2023-Ohio-2754, ¶ 12 (9th Dist.).

{¶9} "An appellate court reviews a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion." *State v. Manning*, 2024-Ohio-1964, ¶ 7 (9th Dist.), quoting *State v. Robinson*, 2016-Ohio-8444, ¶ 9 (9th Dist.). "An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." *Manning* at ¶ 7, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## Analysis

{¶10} Mr. Yerkey argues that the trial court erred when it accepted his plea without first informing him that he was waiving his appellate rights by pleading guilty. He maintains that he

would have pleaded no contest had he known that he was waiving his appellate rights with a guilty plea so he could appeal the denial of his motion to dismiss for the alleged statutory speedy trial violation. Mr. Yerkey argues that the trial court's failure to advise him of the effect of a guilty plea on his appellate rights at the plea hearing was a manifest injustice and that his plea was not made knowingly, intelligently, and voluntarily. He contends the trial court erred when it denied his motion to withdraw/amend his guilty plea.

{¶11} The City argues that Mr. Yerkey's appeal is moot as he fulfilled his sentence in full. If not moot, it is the City's position that the trial court did not abuse its discretion. It asserts "the claim of a lack of appellate rights is not a manifest injustice[]" as those rights were waived at the proper plea hearing. Assuming without deciding this appeal is not moot, we cannot say that the trial court abused its discretion when it denied Mr. Yerkey's motion to withdraw/amend plea.

{¶12} Mr. Yerkey pleaded guilty to aggravated menacing in violation of R.C. 2903.21, a first-degree misdemeanor. Aggravated menacing is a petty offense that requires the trial court's compliance with Crim.R. 11(E). *See Barberton Police Dept. v. Easley*, 2009-Ohio-6796, ¶ 2, 6-7 (9th Dist.). "If a misdemeanor case involves a petty offense, the plain language of Crim.R. 11(E) only requires the court to inform the defendant of the effect of the plea." *State v. Brown*, 2021-Ohio-3443, ¶ 5 (9th Dist.). "'[T]o satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B).'" *Id.* at ¶ 8, quoting *State v. Jones*, 2007-Ohio-6093, ¶ 25. Crim.R. 11(B)(1) sets forth the effect of a guilty plea as follows: "The plea of guilty is a complete admission of the defendant's guilt." Mr. Yerkey argues that the trial court should have also advised him at the plea hearing that he was waiving appellate rights of the denial of his motion for speedy trial by entering a plea of guilty.

{¶13} Like Mr. Yerkey, the appellant in *State v. Jordan*, 2015-Ohio-4354, ¶ 4 (9th Dist.) argued that the trial court failed to notify him at the plea hearing that by entering a plea of guilty he was waiving his right to appeal the trial court's ruling on pretrial motions. This Court disagreed and stated:

> While [appellant] argues that the trial court failed to adequately address the waiver of his right to appeal at the plea colloquy, [appellant] has cited no authority in support of the proposition the trial court ran afoul of Crim.R. 11(C) by failing to specifically address the waiver of appellate rights . . . . Moreover, this Court has held that '[t]he trial court's duty to advise a defendant of his right to appeal[] does not arise until sentencing and, therefore, has no effect upon whether the defendant's guilty plea was entered knowingly, voluntarily, and intelligently.'

*Id.* at ¶ 6, quoting *State v. Meredith*, 2011-Ohio-1517, ¶ 6 (9th Dist.), citing *State v. Atkinson*, 2006-Ohio-5806, ¶ 22 (9th Dist.); Crim.R. 32(B).

{¶14} Mr. Yerkey argues that the trial court's failure to inform him at the plea hearing that he was waiving his appellate rights to appeal the denial of a motion of his statutory speedy trial rights by pleading guilty was a manifest injustice. The trial court, however, was not required to inform Mr. Yerkey at the plea hearing of the effect a guilty plea had on his right to appeal the trial court's ruling on his pretrial motion. *Jordan* at ¶ 6; *Meredith* at ¶ 6; *Atkinson* at ¶ 22. As the trial court had no such duty, we cannot say that the trial court abused its discretion when it found no manifest injustice.

{¶15} Further, we cannot say that there was error as the record supports a finding that Mr. Yerkey's plea was knowing, intelligent, and voluntary. The trial court engaged in a plea colloquy with Mr. Yerkey and it informed him of the effects of a guilty plea as required by Crim.R. 11(E). The trial court explained the correct sentence it could impose at the plea hearing and it imposed this sentence after a presentence investigation at the sentencing hearing. Mr. Yerkey signed an acknowledgement and waiver of rights form. The record is devoid of any evidence indicating that

the trial court failed to comply with Crim.R. 11 or that Mr. Yerkey's plea was not knowing, intelligent, and voluntary. See *State v. Schmigal*, 2023-Ohio-134, ¶ 12 (9th Dist.) (trial court's judgment affirmed where record, including plea transcript and written plea form, established trial court complied with Crim.R. 11).

**{¶16}** Accordingly, we cannot conclude the trial court abused its discretion when it denied Mr. Yerkey's motion to withdraw/amend his guilty plea. Mr. Yerkey's second and third assignments of error are overruled.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY DENYING MR. YERKEY'S PRETRIAL MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS.**

**{¶17}** Mr. Yerkey argues in his first assignment of error that the trial court erred when it denied his pretrial motion to dismiss. A defendant, who pleads guilty, waives the right to challenge any action taken by a trial court prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea. *Jordan,* 2015-Ohio-4354, at ¶ 6 (9th Dist.), citing *State v. Franco,* 2008–Ohio–4651, ¶ 28, (9th Dist.), quoting *State v. Gegia,* 2004–Ohio–2124, ¶ 18 (9th Dist.). The trial court denied Mr. Yerkey's motion to dismiss on statutory speedy trial grounds before he pleaded guilty. Accordingly, our resolution of the second and third assignments of error renders the first assignment of error moot and we decline to address it on appeal.

III.

**{¶18}** Based on the foregoing, Mr. Yerkey's assignments of error are overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

7

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

ANDREW KARAS, Attorney at Law, for Appellant.

SARA FAGNILLI, Attorney at Law, for Appellee.