[Cite as *State v. Depina*, 2026-Ohio-1941.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

DWAYNE DEPINA

    Appellant

C.A. No.    31644

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2023-07-2415

DECISION AND JOURNAL ENTRY

Dated: May 27, 2026

CARR, Presiding Judge.

{¶1}   Appellant, Dwayne Depina, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms in part, reverses in part, and remands for further proceedings.

I.

{¶2}   On July 21, 2023, the Summit County Grand Jury returned a secret indictment charging Depina with one count of rape and one count of kidnapping in connection to events that occurred in September 2007.  Depina pleaded not guilty to the charges at arraignment.  Depina filed a motion to dismiss on the basis of preindictment delay.  After holding a hearing, the trial court issued a journal denying the motion.

{¶3}   Shortly thereafter, Depina reached a plea agreement with the State.  Depina entered a guilty plea to the amended charges of gross sexual imposition and abduction under the protocols set forth in *North Carolina v. Alford*, 400 U.S. 25 (1970).  Depina also pleaded guilty to community control violations in two separate cases.

{¶4} The trial court imposed an 18-month prison sentence on each of the amended counts and ordered that those sentences were to be served consecutively, for a total prison sentence of three years. Depina was also adjudicated a sexually-oriented offender. The trial court further ordered that Depina's prison sentence in this case was to be served concurrently with the sentences for the community control violations in Case. No. CR-2021-06-2003 and Case. No. CR-2023-04-1319.

{¶5} On appeal, Depina raises four assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE APPELLANT'S PLEA WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE WHEN HE WAS NOT ADVISED THAT A GUILTY PLEA, PURSUANT TO [NORTH CAROLINA] V. ALFORD [], WAIVED HIS RIGHT TO APPEAL PRETRIAL MOTIONS.

### ASSIGNMENT OF ERROR II

THE APPELLANT'S GUILTY PLEA WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE WHERE HE WAS NOT ADVISED HE WAS WAIVING HIS RIGHT TO PURSUE HIS PRETRIAL MOTIONS ON APPEAL.

{¶6} In his first and second assignments of error, Depina argues that his *Alford* plea was not knowing, intelligent, and voluntary because he was not notified that he would be waiving his appellate rights in regard to pretrial motions. This Court disagrees.

### Background

{¶7} Depina was initially charged with one count of rape and one count of kidnapping, both charges being felonies of the first degree. As noted above, Depina filed a motion to dismiss on the basis of preindictment delay. The trial court held an evidentiary hearing on the motion and then issued a journal entry denying it.

{¶8} The parties subsequently reached a plea agreement where Depina agreed to plead guilty to the amended charges of gross sexual imposition, a felony of the fourth degree, and abduction, a felony of the third degree. When the parties appeared for the plea hearing, Depina indicated that he wished to plead under the *Alford* protocols. The parties acknowledged that an *Alford* plea had been agreed upon during the plea negotiation process.

{¶9} During the plea colloquy, the trial court advised Depina of the constitutional rights that he would be waiving upon entering a guilty plea. Near the end of that exchange, the trial court further inquired, "And you'll give up the right to an appeal. Do you understand that?" Depina responded, "Yes." The trial court subsequently asked defense counsel if Depina's desire to enter an *Alford* plea was related to appellate rights or issues relating to the trial court's pretrial rulings. Defense counsel responded in the negative. Pursuant to the plea agreement, Depina also pleaded guilty to community control violations in two separate cases, Case. No. CR-2021-06-2003 and Case. No. CR-2023-04-1319.

## Discussion

{¶10} In support of his first assignment of error, Depina argues that the trial court failed to advise him that his plea would result in the waiver of his right to appeal his pretrial motions. Depina points to the Fourth District's decision in *State v. Buggs*, 2021-Ohio-39 (4th Dist.), where the court held that an *Alford* plea is not knowing and intelligent when it is predicated on incorrect information about appellate rights. *Id*. at ¶ 1. In his second assignment of error, Depina contends that while the failure to advise regarding appellate rights amounts to a non-constitutional defect, there was material prejudice in this case because he had made strong arguments regarding preindictment delay.

{¶11} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Veney*, 2008-Ohio-5200, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11(C) requires the trial court to engage in a plea colloquy to ensure that the defendant's plea is knowing, intelligent, and voluntary.

{¶12} Under Crim.R. 11(C)(2), a trial court may not accept a guilty plea without first addressing the defendant personally and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty . . . and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶13} Generally speaking, a guilty plea represents a break in the chain of events that preceded it during the course of a criminal prosecution. *State v. Gegia*, 2004-Ohio-2124, ¶ 18 (9th Dist.). This Court has held that the failure to specifically address the waiver of appellate rights with respect to pretrial motions does not render a plea invalid under Crim.R. 11(C). *See State v. Jordan*, 2015-Ohio-4354, ¶ 6 (9th Dist.). A trial court's duty to advise a defendant of his appellate rights does not arise until sentencing and, thus, does not impact the validity of a guilty plea. *Id*., quoting *State v. Meredith*, 2011-Ohio-1517, ¶ 6.

**{¶14}** Under the parameters of an *Alford* plea, "[a]n individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). This Court has recognized "[a]n *Alford* plea is merely a species of guilty plea where the trial court accepts the guilty plea of the defendant "despite the defendant's protestations of innocence." (Internal citations and quotations omitted.) *State v. Krieg*, 2004-Ohio-5174, ¶ 8-9 (9th Dist.).

**{¶15}** In this case, Depina has not demonstrated that his plea was not knowing, intelligent, and voluntary. As an initial matter, the trial court was not obligated to discuss Depina's appellate rights regarding his pretrial motions at the plea colloquy. *See Jordan* at ¶ 6. Notably, however, the record here reveals that the trial court did notify Depina that he would be waiving his appellate rights, and Depina indicated that he understood. In fact, the trial court asked a follow-up question regarding whether Depina's desire to enter an *Alford* plea was related to the trial court's pretrial rulings, and defense counsel responded in the negative. Furthermore, to the extent that Depina analogizes this case to the circumstances confronted by the Fourth District in *Buggs*, 2021-Ohio-39, we find the two cases to be distinguishable, given that *Buggs* involved a situation where the trial court made an incorrect statement of law with respect to the defendant's appellate rights. *Id*. at ¶ 11. Under these circumstances, Depina's first and second assignments of error are without merit.

### ASSIGNMENT OF ERROR III

TRIAL COUNSEL WAS INEFFECTIVE FOR PERMITTING THE APPELLANT TO PLEAD GUILTY AS OPPOSED TO NO CONTEST.

{¶16} In his third assignment of error, Depina argues that trial counsel rendered ineffective assistance by advising Depina to plead guilty when a plea of no contest would have allowed him to appeal the trial court's rulings on his pretrial motions. This Court disagrees.

{¶17} The standard for reviewing an ineffective assistance claim was established in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998), citing *Strickland* at 687.

{¶18} "A defendant who pleads guilty waives the right to raise issues related to ineffective assistance of counsel on appeal unless they resulted in an involuntary plea." *State v. Herman*, 2024-Ohio-541, ¶ 4 (9th Dist.).

> When the *Strickland* test is applied to guilty pleas, the defendant must first show that counsel's performance was deficient. Next, the defendant must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty. [T]he mere fact that, if not for the alleged ineffective assistance, the defendant would not have entered the guilty plea, is not sufficient to establish the necessary connection between the ineffective assistance and the plea; instead, the ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily.

*State v. Mills*, 2019-Ohio-2205, ¶ 10 (9th Dist.), quoting *State v. Bravo*, 2017-Ohio-272, ¶ 9 (9th Dist.), quoting *Gegia*, 2004-Ohio-2124, ¶ 17 (9th Dist.).

{¶19} Depina's ineffective assistance claim fails because he has not established that defense counsel's performance was deficient. A properly licensed attorney in Ohio is presumed competent. *State v. Gondor*, 2006-Ohio-6679, ¶ 62. This case involves a scenario where Depina was originally charged with two first-degree felonies. Defense counsel significantly limited Depina's sentencing exposure by negotiating a plea agreement where Depina pleaded guilty to a third-degree felony and a fourth-degree felony, while also maintaining his protestations of

innocence under the *Alford* protocols. Although Depina now argues that a no contest plea would have allowed him to challenge the trial court's pretrial rulings, the trial court notified Depina at the plea colloquy that a guilty plea would result in the waiver of his appellate rights. Depina indicated that he understood. The record is devoid of any other evidence indicating that defense counsel's performance was deficient. It follows that Depina's third assignment of error is without merit.

{¶20} Depina's third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES.

{¶21} In his fourth assignment of error, Depina argues that the trial court failed to make the requisite findings at the sentencing hearing in order to impose consecutive sentences.

{¶22} It is well settled that, "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, syllabus.

{¶23} We are compelled to sustain Depina's fourth assignment of error. A review of the sentencing transcript reveals that the trial court failed to make findings in support of its decision to impose consecutive sentences. The trial court also made no mention of findings in its sentencing entry. The State has conceded error on this point. Under these circumstances, where the trial court failed to make the requisite findings under R.C. 2929.14(C)(4), this matter must be remanded for the trial court to make the appropriate findings in support of its decision to impose consecutive sentences. *See State v. Weber*, 2024-Ohio-5901, ¶ 8-9 (9th Dist.).

{¶24}  "When this Court concludes that a trial court erred in making the findings required to impose consecutive sentences . . . the scope of the remand is limited to that issue."  (Internal citations omitted.)  *State v. Gales*, 2023-Ohio-2753, ¶5 (9th Dist.).  Here, the trial court must make the required findings and then incorporate those findings into its sentencing entry.  Depina's fourth assignment of error is sustained to the extent discussed above.

### III.

{¶25}  Depina's first, second, and third assignments of error are overruled.  The fourth assignment of error is sustained to the extent discussed above.  The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for further proceedings consistent with this decision.

Judgment affirmed, in part,
reversed, in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

MARY CATHERINE CORRIGAN, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.