[Cite as *State v. Weimert*, 2022-Ohio-3416.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Earle E. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| BRIAN J. WEIMERT, | : | Case No. 22AP0004 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Morgan County
                             Court of Common Pleas, Case No.
                             21CR0019

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            September 27, 2022

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

JANNA C. WOODBURN                      EVAN N. WAGNER
Assistant Prosecuting Attorney         3970 Brown Park Dr., Suite B
19 East Main Street                    Hilliard, Ohio 43026
McConnelsville, Ohio 43756

*Baldwin, J.*

**{¶1}** Defendant-appellant Brian Weimert appeals his conviction and sentence from the Morgan County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** During the month of July of 2021 and some months before, appellant became familiar with Steven Sturgill and Crystal Burchett, an unmarried couple who were camping out in the AEP recreation area. Crystal's daughter, Autumn, was camping with them. Appellant met the three while they were camping out. As the summer progressed, the three moved their camp to the equine area, which was separate and distinct from the rest of the campgrounds. The area was very remote and private.

**{¶3}** Sometime later, appellant also set up camp in the equine area. Appellant believed that Autumn was being abused by Steven even though there was no evidence of abuse.

**{¶4}** At some point, Steven's mother, Tammy Sturgill, became concerned after losing contact with her son. She contacted local law enforcement officials and the local park service and asked them to do a wellness check. A park officer went out and spoke with appellant who told him that Steven and Crystal had left to go to a doctor's appointment in Columbus and had asked him to watch Autumn and that they had not come back yet.

**{¶5}** The Sheriff's Department later visited the campsite and spoke with appellant. Appellant was told that Tammy was coming to get Autumn. Appellant was then taken to the Sheriff's Office for questioning after, during previous twenty four hour period, "things just started to not add up." Transcript of November 10, 2021 hearing at 24. When

confronted with factual discrepancies, appellant confessed to killing both Steven Sturgill and Crystal Burchett. Appellant had concealed the bodies for several days and had taken care of Autumn until such time as he confessed. Once appellant confessed, he agreed to take law enforcement officials to the equine area and show them where the bodies were concealed. The bodies were then located.

{¶6} On July 30, 2021, the Morgan County Grand Jury indicted appellant on two counts of aggravated murder in violation of R.C. 2903.01(A), unclassified felonies. At his arraignment on August 3, 2021, appellant entered a plea of not guilty to the charges.

{¶7} Subsequently, appellant withdrew his former not guilty plea and entered a written plea of guilty to both counts. Pursuant to a Sentencing Entry filed on January 19, 2022, appellant was sentenced to life imprisonment without the possibility of parole on both counts. The trial court ordered that the two sentences be served consecutively, for an aggregate prison sentence of imprisonment without the possibility of parole.

{¶8} Appellant now appeals, raising the following assignments of error on appeal:

{¶9} "I. MR. WEIMERT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶10} "II. MR. WEIMERT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO ARTICLE ONE, SECTIONS TEN OF THE OHIO CONSTITUTION."

I, II

**{¶11}** Appellant, in his two assignments of error, argues that his trial counsel was ineffective in failing to file a Motion to Suppress his statements to law enforcement.

**{¶12}** It is well established that a voluntary, knowing, and intelligent guilty plea waives any alleged constitutional violations unrelated to the entry of the guilty plea and any nonjurisdictional defects in the proceedings. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283. A guilty plea thus " 'effectively waives all appealable errors at trial unrelated to the entry of the plea.' " *Ketterer* at ¶ 105, quoting *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus. A counsel's failure to file a motion to suppress has been determined to be waived by a guilty plea. *State v. Kitzler,* 3rd Dist Wyandot App. No. 16-02-06, 2002-Ohio-5253, ¶ 13. See also *State v. Huddleson*, 2nd Dist. Montgomery No. 20653, 2005-Ohio-4029, ¶ 14 ("Since [the defendant] pled guilty to the charged offenses, he has waived any argument that his attorneys were ineffective in not filing a motion to suppress.").

**{¶13}** Appellant, by pleading guilty, has waived his challenge to his trial counsel's failure to file a Motion to Suppress except to the extent that his counsel caused the plea to be less than knowing and voluntary. *State v. Barnett*, 73 Ohio App.3d at 249, 596 N.E.2d 1101 (1991). Appellant does not raise such an argument.

**{¶14}** Appellant's two assignments of error are, therefore, overruled.

{¶15} Accordingly, the judgment of the Morgan County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, Earle, P.J. and

Delaney, J. concur.