[Cite as *State v. Herman*, 2024-Ohio-541.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30788 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHRISTOPHER HERMAN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 23 03 0765 |

## DECISION AND JOURNAL ENTRY

Dated: February 14, 2024

HENSAL, Judge.

**{¶1}** Christopher Herman appeals his conviction by the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** Mr. Herman pleaded guilty to having a weapon while under disability under Revised Code Section 2923.13(A)(3) and inducing panic under Section 2917.31(A)(2). The trial court sentenced him to 36 months in prison for having a weapon under disability and to a concurrent term of 180 days for inducing panic. Four days after his sentencing hearing, Mr. Herman moved to withdraw his guilty plea, and the trial court denied his motion. Mr. Herman appealed his conviction, assigning three errors for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, IN VIOLATION OF <u>STRICKLAND V. WASHINGTON</u>,

THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND ARTICLE ONE, SECTION TEN, OF THE OHIO CONSTITUTION.

{¶3} Mr. Herman's first assignment of error argues he did not receive effective assistance of trial counsel in connection with entering his guilty plea and with his sentencing. This Court does not agree.

{¶4} A defendant who pleads guilty waives the right to raise issues related to ineffective assistance of counsel on appeal unless they resulted in an involuntary plea. *State v. Carroll*, 9th Dist. Lorain No. 06CA009037, 2007-Ohio-3298, ¶ 5, citing *State v. Barnett*, 73 Ohio App.3d 244, 248 (2d Dist.1991) and *State v. Dallas*, 9th Dist. Wayne No. 06CA0033, 2007-Ohio-1214, ¶ 4. In order to demonstrate ineffective assistance of counsel, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (holding that the *Strickland* test applies when a defendant challenges the effectiveness of counsel in connection with a guilty plea).

{¶5} A defendant who has pleaded guilty must demonstrate prejudice by showing "'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 89, quoting *Lockhart* at 59. This demonstration "focuses on a defendant's decisionmaking[]" and requires "contemporaneous evidence that but for his counsel's erroneous advice, [the defendant] would have made a different decision." *State v. Bozso*, 162 Ohio St.3d 68, 2020-Ohio-3779, ¶ 29, quoting *Lee v. United States*, 582 U.S. 357, 367 (2017). "[A] defendant who claims ineffective assistance of trial counsel * * * must show from the record that the elements of the

claim exist." *State v. Lawson*, 165 Ohio St.3d 445, 2021-Ohio-3566, ¶ 101. *See generally State v. Madrigal*, 87 Ohio St.3d 378, 390-391 (2000). Ineffective assistance cannot be established through speculation about the prejudicial effects of counsel's performance. *State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶ 4, quoting *State v. Leyland*, 9th Dist. Summit Nos. 23833, 23900, 2008-Ohio-777, ¶ 7.

{¶6} Mr. Herman has not demonstrated with reference to any contemporaneous evidence focused on his decisionmaking that, apart from counsel's alleged ineffectiveness, he would have chosen not to enter a guilty plea. *See Bozso* at ¶ 29, quoting *Lee* at 367. To the contrary, the record demonstrates that during the trial court's Criminal Rule 11 colloquy, Mr. Herman indicated clearly that he intended to plead guilty and that he was satisfied with the performance of counsel. Similarly, with respect to counsel's alleged ineffectiveness in connection with sentencing, Mr. Herman's allegations of prejudice are speculative.

{¶7} "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other." *Madrigal* at 389, citing *Strickland* at 697. Consequently, because Mr. Herman has not demonstrated prejudice from the record, he cannot establish ineffective assistance of counsel. Mr. Herman's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

OHIO'S HAVING WEAPONS WHILE UNDER DISABILITY STATUTE, AS CODIFIED UNDER SECTION 2923.13(A)(3)(B), IS UNCONSTITUTIONAL UNDER THE SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## ASSIGNMENT OF ERROR III

OHIO'S HAVING WEAPONS WHILE UNDER DISABILITY STATUTE, AS CODIFIED UNDER SECTION 2923.13(A)(3)(B), IS UNCONSTITUTIONAL UNDER ARTICLE ONE, SECTIONS ONE AND FOUR OF THE OHIO CONSTITUTION.

**{¶8}** Mr. Herman's second and third assignments of error argue that Section 2923.13(A)(3) is unconstitutional under the United States and Ohio Constitutions. This Court declines to address these constitutional arguments because he did not assert them in the trial court and has not developed a plain-error argument on appeal. *See State v. Horvath*, 9th Dist. Summit No. 30077, 2022-Ohio-1743, ¶ 13. Mr. Herman's second and third assignments of error are overruled.

III.

**{¶9}** Mr. Herman's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                    _____

                                                    JENNIFER HENSAL
                                                    FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

ADAM M. VANHO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.