[Cite as *State v. Stitt*, 2024-Ohio-3401.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                  No. 113286

    v.                           :

BRADLEY W. STITT,                       :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 5, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-673504-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Frank Romeo Zeleznikar and Ayoub Dakdouk, Assistant Prosecuting Attorneys, *for appellee*.

Susan J. Moran, *for appellant*.

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Bradley W. Stitt ("Stitt") appeals the judgment of the trial court following a plea agreement wherein Stitt pleaded guilty to felonious assault and having weapons while under disability. After a thorough review of the record and law, we affirm.

## I. Factual and Procedural History

{¶ 2} This case was bound over from the Parma Municipal Court. Stitt was charged in a three-count indictment with felonious assault in violation of R.C. 2903.11(A)(2), including one- and three-year firearm specifications and forfeiture of the weapon, a Sig Sauer P238; tampering with evidence in violation of R.C. 2921.12(A)(1) with forfeiture of the same weapon; and, having weapons while under disability in violation of R.C. 2923.13(A)(2) with forfeiture of the same weapon.

{¶ 3} Stitt agreed to accept a plea deal, pleading guilty to felonious assault with the forfeiture specification and having weapons while under disability with the forfeiture specification. At this point, no facts pertaining to the case were made part of the record.[1] After going through the Crim.R. 11 colloquy, the trial court asked Stitt if he would like to make any comments before proceeding to sentencing. Stitt made the following statement:

> Just content — the content of what was — you know, I was accused of, it's not — I just — I don't have — I don't know. I came home from Florida and my tent was stole[n]. I lost so much. It cost my son. I couldn't watch him for school and my job and my house in North Royalton. And I went ahead of myself. And due to the influx of immigration I lost everything out there from people hiring them, cheap labor and undercutting costs.
>
> I came back home and I felt like I was having a hard time. I went to the hospital and I went to the place to — you know, after the hospital to

---

[1] Stitt's brief contains a complete statement of the facts giving rise to this appeal. We were unable to locate these facts within the record, nor were proper citations to the record given as required by App.R. 16. As such, we must disregard the statement of the facts offered by Stitt in his brief.

kind of relax and go back to my mom's. That's where I was staying at. And then this transpired.

I just went to relax. I went to the restroom and the man came in there that I didn't —

(Tr. 14-15.)

{¶ 4} The trial court interrupted Stitt and asked his trial counsel if there was anything he would like to say. Stitt's trial counsel responded:

I think what he's trying to say, he went to Florida to start over, it didn't work out so well, he came back home, and lost custody of his child, the son he had full custody of at one point in time. He had gone to the hospital that evening, left the hospital, went to the bar.

He was sitting at the bar and had to go to the restroom. He was followed to the restroom by the victim in this case. And that's when the altercation transpired.

He then, as I indicated to court previously, took his gun and put it outside knowing that the police were on their way. That was the tampering count. He shouldn't have had a gun.

Actually he thought his previous lawyer told him he could have a gun because they had filed in Judge Corrigan's room for sealing of his record or expungement. But it was never pursued and Judge Corrigan dismissed it.

So he had ended up with the weapons under disability, as well. Doesn't excuse his conduct, judge, but hopefully gives the court some context.

I can tell you that I've represented him in the past on one prior case where it was felony fleeing and eluding with the City of North Royalton that resulted in a misdemeanor. Other than that, I'm aware of one other F3 burglary.

Judge, he's never been down to prison before. If you decide to send him to prison, I hope that you consider the minimum.

But I should indicate, Your Honor, in the back of the courtroom are both his mom and dad and the significant others.

(Tr. 15-16.)

**{¶ 5}** The court did not respond to counsel's comments and immediately proceeded to sentencing. It imposed a four-year prison term on the felonious assault charge and an 18-month prison term on the having weapons while under disability charge, to run concurrent for a total sentence of four years. Stitt was also fined $250 on each offense and sentenced to 18-months to three years of postrelease control.

**{¶ 6}** Stitt filed his notice of appeal in October 2023. In January 2024, Stitt filed a motion for judicial release asking the court to consider his release while maintaining his innocence as to the offenses to which he pleaded guilty. The trial court denied the motion, finding that Stitt was "ineligible for re-entry court and judicial release due to minimum time not being served."

**{¶ 7}** In January 2024, Stitt filed his appellate brief. His brief, however, included a motion to supplement the appellate record and included copies of medical records pertinent to Stitt's competency that were never presented to the trial court. As a result, this court denied the motion and struck the medical records from the public docket.

**{¶ 8}** Stitt assigns three errors for our review:

1. Mr. Stitt did not knowingly, voluntarily, or intelligently enter his plea because the evidence failed to support the essential elements of felonious assault, depriving him of due process as provided by the United States and Ohio Constitution.

2. Trial counsel deprived Mr. Stitt effective assistance of counsel when counsel failed to advise him that the facts of the case did not support a conviction for felonious assault.

3. Mr. Stitt did not knowing[ly], voluntary[il]y, and intelligently enter a plea of guilt, as he was not medically competent at the time of the plea.

## II. Law and Analysis

{¶ 9} In the first assignment of error, Stitt argues that his plea to felonious assault was not made knowingly, voluntarily, or intelligently because the facts giving rise to the conviction do not meet the essential elements required to effectuate a felonious assault charge pursuant to R.C. 2903.11(A)(2).

{¶ 10} Stitt was charged with felonious assault pursuant to R.C. 2903.11(A)(2), which provides that no person shall "knowingly . . . [c]ause or attempt to cause physical harm to another . . . by means of a deadly weapon or dangerous ordnance."

{¶ 11} Stitt accepted a plea deal and pleaded guilty to felonious assault that the court duly accepted.

{¶ 12} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

{¶ 13} When a guilty plea is made on an offense that is not specified in Crim.R. 11(C)(1)-(3), the court "need not take testimony," as is the case in the instant matter. Crim.R. 11(C)(4). Crim.R. 11(B)(1) provides that "[t]he plea of guilty is a

complete admission of the defendant's guilt." Courts are forbidden from accepting a guilty plea without first addressing the defendant and following all the requirements and advisements of Crim.R. 11(C)(2)(a)-(c). Stitt concedes that the trial court followed all of these requirements.

{¶ 14} Instead, Stitt attempts to dispute facts of the case that were not introduced into the record. The entire assignment of error disputes the victim's statements to the police and information contained in the police report, none of which were introduced into the trial court's record prior to the filing of the instant appeal. Stitt provides case law going to the factual circumstances and evidence required for a felonious-assault charge. In other words, Stitt maintains his innocence as it pertains to the felonious-assault conviction.

{¶ 15} A claim of innocence is not properly before this court on appeal, since "a counseled plea of guilty is an admission of factual guilt which removes issues of factual guilt from the case. . . ." *State v. Wilson*, 58 Ohio St.2d 52 (1979), paragraph one of the syllabus.

{¶ 16} Moreover, Stitt has not raised these issues in a postconviction or postsentence motion that permits the defendant to attach evidence that was not in the initial record for the trial court's consideration. *See, e.g., State v. Stumpf,* 32 Ohio St.3d 95, 104 (1987) (To withdraw a guilty plea after sentencing, "a defendant must show that such withdrawal is necessary to correct manifest injustice" under Crim.R. 32, and a motion made pursuant to Crim.R. 32 "is addressed to the sound discretion of the trial court."); *State v. McMichael*, 2012-Ohio-3166, ¶ 22 (10th Dist.)

(In a postsentence motion to withdraw plea, defendant bears "the burden of establishing his case based on specific facts either contained in the record or supplied through affidavits attached to the motion."). This also gives the trial court an opportunity to review and consider arguments and evidence before we endeavor to review them. *See, e.g., Sizemore v. Smith*, 6 Ohio St.3d 330, 333, fn. 2 (1983) ("[J]ustice is far better served when it has the benefit of briefing, arguing, and lower court consideration before making a final determination.").

{¶ 17} We are constrained to the record before us, and the record before us does not raise any dispute of fact that would lead us to conclude that Stitt's plea was not made knowingly, voluntarily, and intelligently. We therefore overrule Stitt's first assignment of error.

{¶ 18} In his second assignment of error, Stitt contends that he received ineffective assistance of counsel from his trial counsel in derogation of his Sixth Amendment right to effective assistance of counsel. Stitt premises this argument on the same argument presented above: his trial counsel failed to inform him that the facts of his case did not factually support a finding of felonious assault.

{¶ 19} When a defendant argues ineffective assistance of counsel after entering a guilty plea, the defendant must show that counsel's performance was deficient and that there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and instead would have taken his case to trial. *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Xie*, 62 Ohio St.3d 521, 524 (1992); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

{¶ 20} In assessing whether it would have been rational for a defendant to go to trial instead of pleading guilty, the court is instructed to consider the totality of the circumstances. *Lee v. United States*, 582 U.S. 357, 360 (2017). We also note that

> "[s]urmounting *Strickland's* high bar is never an easy task," *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), and the strong societal interest in finality has "special force with respect to convictions based on guilty pleas," *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.

(Emphasis in original.) *Lee* at 368-369.

{¶ 21} Stitt claims that "counsel failed to properly advise him that the facts which were provided by the State [in discovery] did not sufficiently amount to" a felonious assault violation. As we did in the first assigned error, we find that this contention is too speculative absent a record affirmatively demonstrating the facts of the case. There are almost no facts going to the offense in the actual record of this case, except for those improperly argued in Stitt's appellate brief that we must disregard pursuant to App.R. 16 and because they were not properly before the trial court.

{¶ 22} We are constrained to overrule Stitt's second assignment of error based on the record before us.

{¶ 23} In his third and final assignment of error, Stitt argues once again that his plea was not entered knowingly, voluntarily, and intelligently based on his competence at the time of the plea hearing.

{¶ 24} Stitt argues that his statement made following the Crim.R. 11 colloquy before sentencing should have tipped off the court that he was incompetent to enter his plea because it was unintelligible. Stitt also refers us to his medical records, which we are unable to consider and have been stricken from the record because the trial court has not yet had a chance to consider them. We again refer to our explanation in paragraph 16, above, to explain why we refuse to consider the medical records prior to the trial court being afforded an opportunity to review these records.

{¶ 25} Nonetheless, we recognize that a defendant is presumed competent and has the burden of demonstrating his incompetency by a preponderance of the evidence. *State v. Williams*, 23 Ohio St.3d 16, 28 (1986). Incompetence is demonstrated when a defendant is "incapable of understanding the nature and objective of the proceedings against [him] or of assisting in [his] defense." R.C. 2945.37(G).

{¶ 26} We again must find that based on the record alone, there is nothing in the record to suggest that Stitt was incompetent to enter a plea. His statement made prior to his sentencing, while not the most succinct and cohesive, is indicative of an understanding of the nature and objective of the proceedings against him and indicates that he was attempting to speak in his defense or provide an explanation for the events that occurred that evening. We cannot, based on the statement alone,

find that Stitt was incompetent. Moreover, as already explained, we do not have his medical records properly before us because the trial court has not yet considered them.

{¶ 27} Stitt's final assignment of error is therefore overruled.

### III. Conclusion

{¶ 28} We overrule all of Stitt's assignments of error. We cannot find the record, as it was before the trial court, supports that Stitt's plea was anything except for knowingly, voluntarily, and intelligently made. Moreover, the record before the trial court and thus the record before us does not support a finding of ineffective assistance of counsel.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

FRANK DANIEL CELEBREZZE, III, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EMANUELLA D. GROVES, J., CONCUR