[Cite as *State v. Anderson*, 2025-Ohio-1044.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

THOMAS JAMES ANDERSON

    Appellant

C.A. Nos.    31151
                31152
                31153

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   CR 2020-06-1370
               CR 2022-01-0236(C)
               CR 2023-08-2646(B)

DECISION AND JOURNAL ENTRY

Dated: March 26, 2025

STEVENSON, Judge.

**{¶1}** Defendant-Appellant Thomas James Anderson appeals from the judgment of the Summit County Court of Common Pleas imposing sentence on him, alleging that the State did not keep its bargain to request no more than a 10-year sentence and that his counsel was ineffective. For the reasons set forth below, this Court affirms.

I.

**{¶2}** This appeal involves three consolidated cases: CR-2020-06-1370 (receiving stolen property); CR-2022-01-0236-C (improperly discharging a firearm/improperly handling firearms in a motor vehicle); and CR-2023-08-2646-B (having weapons under disability). Mr. Anderson pleaded guilty to the counts and specifications in all three cases and was sentenced. The sentences were ordered to be served concurrently with one another and concurrently with the sentence

imposed in a fourth case, CR-2022-10-3584-C, that is not part of the instant appeal.  Mr. Anderson timely appealed and asserts two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**GUILTY PLEAS WERE NOT KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY MADE; THE STATE BREACHED ITS PROMISED PLEA BARGAIN[.]**

**{¶3}** Regarding his conviction for improperly discharging a firearm/improperly handling firearms in a motor vehicle, Mr. Anderson was sentenced to a mandatory 3-year term for the firearm specification, plus an indefinite term of a minimum of not less than 7 and a maximum of not more than 10.5 years for the improperly discharging count, for a total of 10 to 13.5 years to be served concurrently with the sentences for receiving stolen property (18 months) and having a weapon under disability (36 months).

**{¶4}** Mr. Anderson argues that the State obtained his combined guilty pleas by promising to request a 10-year "cap" on the total sentence, but then at sentencing argued for a sentence above that cap with the addition of the Reagan Tokes calculation, and therefore, breached its plea bargain. Mr. Anderson maintains that as a result, he did not intelligently make his guilty pleas.

**{¶5}** Mr. Anderson points to the following statements by the State as reflective of its alleged breach of the plea agreement:

> Further, as part of this plea agreement, [the] State has agreed that we'll not ask for more than 10 total years prison across all three cases.  As structured, [Mr. Anderson] would be facing a mandatory three years prison plus whatever time the Court elects to give on the remaining charges.
>
> . . .
>
> The State has said we would cap oursel[ves] at 10 years.  That was the agreement. We're going to honor it, but we do believe that Mr. Anderson's history while these cases were pending are our best indication of what his future behavior is going to be.

. . .

. . . [T]he State is asking that [the court] impose a seven-year sentence for the improper discharge of a firearm into a habitation.

We ask that you, as required by law, impose the consecutive three years for the firearm specification. . . .

But to be fair to everybody in here, this was discussed prior to the plea, and the Court had indicated that it was inclined to run that concurrent with the three-year specification.

That is 10 years.  Based upon Reagan Tokes, you have to take half of the 7, so it becomes 10 to 13 and a half years with 3 of those years mandatory.  . .

. . .

We ask that…..whatever sentences you impose on those other charges run concurrent with the 10 to 13 and a half that we're asking you to impose on the improper discharge.

{¶6}    Mr. Anderson argues that the promised cap of 10 years was broken because 10 to 13.5 years is not 10 years.

{¶7}    Both Mr. Anderson and his counsel had the opportunity to address the court but neither one indicated that the State's recommendation breached the parties' plea agreement or ran afoul of their understanding of the plea negotiations.  They both remained silent and did not object during the trial court proceedings.  Accordingly, by failing to do so, Mr. Anderson has forfeited his argument on appeal except for plain error. *State v. McCallum*, 2009-Ohio-1424, ¶ 19 (9th Dist.), citing *State v. Payne*, 2007-Ohio-4642, ¶ 23. While we note that it may be best practice for the parties to clarify if any additional prison sentence required by the Reagan Tokes calculation is included in a maximum sentence the State is recommending, Mr. Anderson has not argued plain error, and this Court will not construct a plain error argument on his behalf. *State v. Herring*, 2023-Ohio-4851, ¶ 38 (9th Dist.)  Accordingly, Mr. Anderson's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL[.]**

{¶8}     Mr. Anderson argues that trial counsel's silence at sentencing regarding the State's breach of the plea bargain constituted ineffective assistance and that this error was compounded by counsel's earlier failures to challenge other constitutional infirmities of record, such as failure to file a motion to suppress and failure to protect the record by filing on the docket the discovery that was provided in response to his demands.   We disagree with Mr. Anderson.

{¶9}     We recently addressed this issue in *State v. Herman*, 2024-Ohio-541, ¶ 4-5 (9th Dist.), stating as follows:

> A defendant who pleads guilty waives the right to raise issues related to ineffective assistance of counsel on appeal unless they resulted in an involuntary plea. In order to demonstrate ineffective assistance of counsel, a defendant must show (1) deficiency in the performance of counsel so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment, and (2) that the errors made by counsel were so serious as to deprive the defendant of a fair trial.

> A defendant who has pleaded guilty must demonstrate prejudice by showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. This demonstration focuses on a defendant's decisionmaking and requires *contemporaneous evidence that but for his counsel's erroneous advice, the defendant would have made a different decision. A defendant who claims ineffective assistance of trial counsel . . . must show from the record that the elements of the claim exist. Ineffective assistance cannot be established through speculation about the prejudicial effects of counsel's performance.*

(Emphasis added.)(Internal quotations and citations omitted.)

{¶10} Assuming without deciding that his counsel's errors constituted deficient performance, Mr. Anderson "has not demonstrated with reference to any contemporaneous evidence focused on his decisionmaking that, apart from counsel's alleged ineffectiveness, he would have chosen not to enter a guilty plea." *Id*. at ¶ 6.  There is no contemporaneous record evidence that he or his counsel spoke up and took issue with the State's recommendation. As in

*Herman*, "[t]o the contrary, the record demonstrates that during the trial court's Criminal Rule 11 colloquy, [Mr. Anderson] indicated clearly that he intended to plead guilty and that he was satisfied with the performance of counsel." *Id.* at ¶ 6.

{¶11} "A defendant's failure to satisfy one prong of the [] test [for ineffective assistance of counsel] negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984). "Consequently, because [Mr. Anderson] has not demonstrated prejudice from the record, he cannot establish ineffective assistance of counsel." *Herman* at ¶ 7. Mr. Anderson's guilty plea also waived his ineffective assistance of counsel claims based on the failure to file a motion to suppress or to make a record of the discovery that was exchanged. *State v. Stitt*, 2024-Ohio-3401, ¶ 21 (8th Dist.) (defendant's claim that counsel was ineffective for not properly advising him of what was provided by the State in discovery was rejected as "too speculative absent a record affirmatively demonstrating the facts of the case."); *State v. Weimert*, 2022-Ohio-3416, ¶ 12 (5th Dist.)("A counsel's failure to file a motion to suppress has been determined to be waived by a guilty plea."). Therefore, Mr. Anderson's second assignment of error is overruled.

## III.

{¶12} Mr. Anderson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

–––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶13} Although I agree with the majority's result, I would analyze the issues raised differently.

{¶14} Mr. Anderson alleges that the State agreed, as part of the plea agreement, to a 10-year sentencing cap for all three of the cases he was pleading to. He further asserts that the State reneged on that agreement by asking for additional time at the sentencing hearing. Mr. Anderson argues that, as a result, his plea was not knowing, intelligent, and voluntary, and that his counsel was ineffective for not objecting to the changed recommendation at sentencing.

{¶15} The problem with both arguments is that Mr. Anderson has not demonstrated error under either one. Mr. Anderson alleges that the State breached the plea agreement, but it is not clear from the record of either the plea hearing or the sentencing hearing if that agreement anticipated a 10-year sentencing cap with or without consideration of the Reagan Tokes Law. The State did in fact recommend 10 years at the sentencing hearing, but under the Reagan Tokes Law that became 10 to 13.5 years. Since it is not clear from the record whether the additional time under the Reagan Tokes Law was considered as part of the 10-year sentencing cap, no error can be demonstrated on direct appeal.

APPEARANCES:

MARK H. LUDWIG, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.