[Cite as *State v. Harris*, 2026-Ohio-1368.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ALAN HARRIS, JR.,

Defendant-Appellant.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 25 BE 0022

---

Application to Reopen

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Jacob A. Manning,* Assistant Prosecuting Attorney, for Plaintiff-Appellee (No Response Filed) and

*Atty. Rhys B. Cartwright-Jones,* for Defendant-Appellant.

Dated: April 15, 2026

**PER CURIAM.**

{¶1}  On January 6, 2026, Appellant, Alan Harris, Jr., filed an App.R. 26(B) application to reopen his direct appeal in *State v. Harris*, 2025-Ohio-4664 (7th Dist.).  The State of Ohio did not file a response. Appellant filed a supplement to the application to reopen on February 23, 2026.

{¶2}  In his direct appeal, Appellant challenged the trial court's imposition of maximum, consecutive sentences for his convictions for one count of attempted pandering obscenity involving a minor or impaired person in violation of R.C. 2907.321(A)(1)(C) and R.C.2923.02(A) (attempt), a felony of the third degree, and two counts of pandering obscenity in violation of R.C. 2907.32(A)(5), felonies of the fifth degree, following his guilty plea to a bill of information.  In his sole assignment of error, Appellant argued for the first time on appeal that his pandering obscenities charges should have merged as they were allied offenses of similar import.  He further argued his consecutive sentences were contrary to law.  We found no merit in either argument and affirmed the trial court's judgment.

> App.R. 26(B)(1) and (2)(b) require applications to reopen based on ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision. App.R. 26(B)(1), (2)(b); *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861. The ninety-day requirement applies to all appellants. *State v. Buggs*, 7th Dist. Mahoning Nos. 06 MA 28, 07 MA 187, 2009-Ohio-6628, ¶ 5.
>
> If an application for reopening is not filed within the ninety day time period, an appellant must make a showing of good cause justifying the delay in filing. *State v. Dew*, 7th Dist. Mahoning No. 08 MA 62, 2012-Ohio-434.

*State v. Frazier*, 2020-Ohio-993, ¶ 5-6 (7th Dist.).

> Claims of ineffective assistance of appellate counsel under App.R. 26(B) are subject to the two-pronged analysis enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See*

> *State v. Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719, 172 N.E.3d 97,
> ¶ 14, *Id.* at ¶ 23 (O'Connor, C.J., concurring), *Id.* at ¶ 28 (Fischer, J.,
> concurring); *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996);
> *see also* 1993 Staff Notes to App.R. 26 ("The term 'ineffective assistance of
> counsel' is intended to comprise the two elements set forth in *Strickland*").
>
> In accordance with the *Strickland* analysis, an applicant must show
> that (1) appellate counsel's performance was objectively unreasonable, *Id.*
> at 687, 104 S.Ct. 2052, and (2) there is "a reasonable probability that, but
> for counsel's unprofessional errors, the result of the proceeding would have
> been different," *Id.* at 694, 104 S.Ct. 2052. *See Smith v. Robbins*, 528 U.S.
> 259, 285-286, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

*State v. Leyh*, 2022-Ohio-292, ¶ 17-18.

> Under App.R. 26(B), an applicant must set forth "[o]ne or more
> assignments of error or arguments in support of assignments of error that
> previously were not considered on the merits in the case by any appellate
> court or that were considered on an incomplete record because of appellate
> counsel's deficient representation." App.R. 26(B)(2)(c).

*State v. Hackett*, 2019-Ohio-3726, ¶ 9 (7th Dist.).

> [Furthermore] [i]t should finally be noted that appellate counsel need
> not raise every possible issue in order to render constitutionally effective
> assistance. [*State v.*] *Tenace*, 109 Ohio St.3d 451 at ¶ 7, 849 N.E.2d 1,
> citing *State v. Sanders* (2002), 94 Ohio St.3d 150, 151-152, 761 N.E.2d 18.
> "Experienced advocates since time beyond memory have emphasized the
> importance of winnowing out weaker arguments on appeal and focusing on
> one central issue if possible, or at most on a few key issues." *Jones v.
> Barnes* (1983), 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987.

*State v. Jones*, 2008-Ohio-3352, ¶ 6 (7th Dist.).

{¶3} Appellant advances two proposed assignments of error in his application to reopen. First, he contends his sentence was predicated upon conduct charged in the superseding indictment, which the state agreed to nolle in exchange for his plea to the bill of information. Second, Appellant argues his plea was not knowing, intelligent, and voluntary because the trial court mistakenly characterized him as a Tier 1 sex offender at the plea hearing, then corrected its own error later in the plea colloquy without sufficient explanation. Appellant does not cite a single case in support of his arguments.

{¶4} Appellant filed the supplement to his motion to reopen on February 23, 2026. It asserts a new claim for reopening, rather than supplementing a proposed assignment of error advanced in the application to reopen. Appellant's supplement was filed more than 90 days after the journalization of our decision on October 8, 2025. He does not argue good cause to include the argument in his application to reopen. As the supplement states a new claim and was filed more than 90 days after the journalization of our decision, we find it was untimely filed.

{¶5} Assuming arguendo the new claim was timely filed, Appellant asserts his plea was not knowing, intelligent, and voluntary as it was entered "without adversarial testing of the sole evidentiary foundation of the prosecution." (Supp., p. 2). In essence, Appellant argues his plea is invalid because his trial counsel provided ineffective assistance when he failed to file a motion to suppress.

{¶6} Appellant does not set forth the new claim in a proposed assignment of error and ultimately concedes the argument is better-suited to a petition for postconviction relief or a motion to vacate his pleas, as it is predicated on evidence outside of the record. He explains he filed the supplement to defeat any res judicata argument.

{¶7} A voluntary, knowing, and intelligent guilty plea waives any alleged constitutional violations unrelated to the entry of the guilty plea and any nonjurisdictional defects in the proceedings. *State v. Ketterer*, 2006-Ohio-5283. A guilty plea thus " 'effectively waives all appealable errors' at trial unrelated to the entry of the plea." *Ketterer* at ¶ 105, quoting *State v. Kelley*, 57 Ohio St.3d 127 (1991), paragraph two of the syllabus. Trial counsel's failure to file a motion to suppress has been determined to be waived by a guilty plea. *See State v. Weimert*, 2022-Ohio-3416, ¶ 12 (5th Dist.); *State v. Kitzler*, 2002-Ohio-5253, ¶ 13 (3d Dist.); *State v. Huddleson*, 2005-Ohio-4029, ¶ 14 (2d

Case No. 25 BE 0022

Dist.) ("Since [the defendant] pled guilty to the charged offenses, he has waived any argument that his attorneys were ineffective in not filing a motion to suppress.").

{¶8} We have specifically held the waiver by plea "includes the right to claim that the accused was prejudiced by constitutionally ineffective counsel, 'except to the extent the defects complained of caused the plea to be less than knowing and voluntary.' " *State v. Snyder*, 2004-Ohio-3366, ¶ 13 (7th Dist.), quoting *State v. Barnett*, 73 Ohio App.3d 244, 249 (2d Dist. 1991). Appellant's argument presupposes the search was unconstitutional and concedes the argument relies on evidence outside of the record. *See State v. Anderson*, 2025-Ohio-1044, ¶ 11 (9th Dist.); *State v. Stitt*, 2024-Ohio-3401, ¶ 21 (8th Dist.) (rejecting defendant's claim that counsel was ineffective for not properly advising him of what was provided by the State in discovery is "too speculative absent a record affirmatively demonstrating the facts of the case.").

{¶9} The Eighth District provided the following analysis regarding Stitt's ineffective assistance of counsel claim on direct appeal. With respect to the procedural posture of the case, the Eighth District opined:

> Stitt has not raised these issues in a postconviction or postsentence motion that permits the defendant to attach evidence that was not in the initial record for the trial court's consideration. *See, e.g.*, *State v. Stumpf*, 32 Ohio St.3d 95, 104 (1987) (To withdraw a guilty plea after sentencing, "a defendant must show that such withdrawal is necessary to correct manifest injustice" under Crim.R. 32, and a motion made pursuant to Crim.R. 32 "is addressed to the sound discretion of the trial court."); *State v. McMichael*, 2012-Ohio-3166, ¶ 22 (10th Dist.) (In a postsentence motion to withdraw plea, defendant bears "the burden of establishing his case based on specific facts either contained in the record or supplied through affidavits attached to the motion."). This also gives the trial court an opportunity to review and consider arguments and evidence before we endeavor to review them. *See, e.g.*, *Sizemore v. Smith*, 6 Ohio St.3d 330, 333, fn. 2 (1983) ("[J]ustice is far better served when it has the benefit of briefing, arguing, and lower court consideration before making a final determination.").

*Stitt* at ¶ 16. The same rationale applies here.

{¶10} In summary, the claim asserted by Appellant for the first time in his supplement was untimely filed. Even assuming the new claim was timely filed, we find the record before us forecloses our ability to consider the claim.

## PROPOSED FIRST ASSIGNMENT OF ERROR

**THE TRIAL COURT IMPOSED A SENTENCE CONTRARY TO LAW AND DENIED DUE PROCESS WHEN IT SELECTED MAXIMUM, CONSECUTIVE PRISON TERMS BASED ON DISMISSED AND UNPROVEN ALLEGATIONS RATHER THAN THE OFFENSES OF CONVICTION.**

{¶11} In his proposed first assignment of error, Appellant contends his maximum, consecutive sentences were predicated upon descriptions of "a 'domestic violence allegation,' " "an effort to hide devices from law enforcement," and "homemade videos of torture; snuff films . . . adult males having sex with toddlers, babies being raped." (Appellant's App., p. 3). He argues "the court's comments tracked allegations from the earlier indictment [which was nolled as a part of the plea agreement] and PSI narrative, not the facts admitted in the plea to the bill of information," and "due process forbids sentencing that punishes a defendant for dismissed charges as though the court had adjudicated them." (*Id.*).

{¶12} Appellant argues his sentence must be predicated upon "the facts admitted at the plea to the bill of information." To the contrary, when a guilty plea is made on an offense that is not specified in Crim.R. 11(C)(1)-(3), the trial court "need not take testimony," as is the case here. Crim.R. 11(C)(4). Crim.R. 11(B)(1) provides that "[t]he plea of guilty is a complete admission of the defendant's guilt." Therefore, neither the state nor the trial court was required to establish facts supporting Appellant's convictions at the plea hearing. Further, Crim.R. 7(B) requires that a bill of information contain sufficient statements to provide the defendant with notice of all of the elements of the offense for which the defendant is charged. Consequently, to the extent it is predicated

upon a dearth of facts contained in the bill of information or established at the plea hearing, Appellant's proposed first assignment of error is without merit.

{¶13} Next, Appellant contends his maximum, consecutive sentences were based on allegations from the superseding indictment and the PSI narrative. In so arguing, Appellant quotes the trial court's response to Appellant's allocution at the sentencing hearing that he suffers from dissociative identity disorder and "[f]rom one day to the next, [he's] somebody completely different and [he doesn't] remember 95 percent of [his] life." (4/21/25 Sent. Hrg., p. 10). The trial court responded:

> You were initially arrested in this case on a domestic violence allegation. You sat here today and told me you really don't remember what was going on back then, but yet, you had the wherewithal to contact your girlfriend or your wife to explain to her, "Get out the computer and my phone so law enforcement can't find them."
>
> And what was found on them after a search warrant? Homemade videos of torture; snuff films, juveniles engaging in sex acts with adults; macrophilia [sexual paraphilia involving giants or the concept of being significantly smaller in comparison to a sexual partner]; sexual violence; adult males having sex with toddlers; babies being raped. That's what was on your computer.
>
> You're telling me today you had no idea and don't remember what was on there, but you had the wherewithal to try to destroy it before it was found by authorities.
>
> During your interview with the evaluator, you said the first conviction in [Pennsylvania] wasn't you; it was somebody else and you just plead guilty to get the case over. You also said it wasn't you here. You also said you're not attracted to children. Then why on earth do you have image after image of babies being raped?

(*Id.* at p. 12-13).

**{¶14}** Prior to imposing sentence, the trial court stated:

[Appellant] has a history of criminal convictions. As a juvenile, he was convicted of aggravated assault, possession or consumption of alcohol, criminal trespass and unruly habitual. As an adult, he has misdemeanor convictions for expired license, driving under suspension, stop sign, seat belt, persistent disorderly conduct, controlled substance, public drunkenness, and DUI. He has felony convictions of dissemination of photographs, videotapes and computer depictions and films; sexual abuse of children; possession of child pornography.

He has served a prior prison term; he has not responded favorably to sanctions previously imposed. He's previously been convicted of similar offenses, and is a registered sex offender; does not – does not demonstrate any genuine remorse, and the present offenses are sex offenses.

In accord with 2929.12(E), the Court finds that no additional mitigating factors exist which suggest that recidivism is less likely.

In view of the above-stated findings and considering the purposes and principles of sentencing, this Court finds that community control sanctions, or a combination of them, or the minimum sentence, would not adequately punish the [Appellant] and protect the public from future crime. And a community control sanction, or combination of them, would demean the seriousness of the offenses, and that factors decreasing seriousness are greatly outweighed by those increasing seriousness, and there is more likelihood of recidivism if the [Appellant] is placed on community control or given a shorter sentence.

The Court also finds that consecutive sentences are necessary to protect the public and to punish the offender. Consecutive sentences are also not disproportionate to the seriousness of the [Appellant's] conduct, and the danger posed to the public.

Additionally, [Appellant's] criminal history shows that consecutive sentences are needed to protect the public.

(*Id.* at p. 14-16).

**{¶15}** Contrary to Appellant's argument, his sentence was not predicated upon allegations from the superseding indictment or the PSI narrative. Therefore, to the extent it is based on his argument that the trial court relied on improper evidence in fashioning his sentences, we find Appellant's first proposed assignment of error is without merit.

## PROPOSED SECOND ASSIGNMENT OF ERROR

**THE TRIAL COURT DID NOT SECURE A KNOWING, INTELLIGENT, AND VOLUNTARY GUILTY PLEA UNDER CRIM.R. 11(C)(2)(a), WHEN IT GAVE AN INCORRECT SEX-OFFENDER TIER ADVISEMENT AND THEN ACCEPTED THE PLEA WITHOUT A CLEAR CURE OF THE CONFUSION ON THE RECORD.**

**{¶16}** In his second proposed assignment of error, Appellant contends his plea was not knowing, intelligent, and voluntary based on the trial court's bifurcated notice regarding Appellant's sex offender registration requirements. After reviewing the maximum sentences for each count in the bill of information, the trial court provided the following notice:

THE COURT: [I]f you enter pleas of guilty to these offenses, you would be labeled a Tier I sex offender; you would have to register once a year for up to 15 years; do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And there would be also certain restrictions where you reside and other restrictions in place that if you violated them, do you understand that would constitute a new felony offense?

Case No. 25 BE 0022

(3/24/25 Plea Hrg., p. 10).

{¶17} Prior to Appellant's execution of the written plea agreement, the trial court provided the following additional notice:

THE COURT: Mr. Miller, before your client executes the Plea Agreement, the Court advised him that a conviction to Counts II and III [fifth degree felonies] would make him a Tier I sex offender, requiring him to register once a year for 15 years. Do you have an opinion as to what the conviction for Count I [third degree felony] would be?

MR. MILLER: Your Honor, I believe under the situation, that would be a Tier II offender, which will require him to register twice a year for 25 years. So, I just didn't want there to be any confusion, if that is, in fact, the case.

THE COURT: What is the State of Ohio's opinion in regards to a conviction for Count I?

MR. VAVRA: I agree with defense counsel, Judge. I do believe that is a Tier II offense. The underlying offense, Felony 2 [sic] pandering, is Tier II, and that does not get changed or modified with the attempt; it will still remain the Tier II offense.

THE COURT: All right.

So Mr. Harris, I want to make sure you understand. I only advised you about the Tier I for Counts II and III; that would be registering once a year for 15 years.

What your attorney and the State of Ohio are providing that a conviction for Count I would make you a Tier II

sex offender; that means you would register twice a year. That is every 180 days for the next 25 years. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT:     Okay.

(*Id.* at p. 14-15).

**{¶18}** Based on Appellant's testimony that he suffers from dissociative identity disorder, he argues "[the plea colloquy] supported a substantial-compliance challenge because the record shows an initial material misadvisement on a mandatory consequence followed by a limited correction." (Appellant's App., p. 5).

**{¶19}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11 was adopted in order to ensure a record exists for a reviewing court to assess whether the plea has these qualities. *See State v. Nero*, 56 Ohio St.3d 106, 107 (1990). Pursuant to Crim.R. 11, the trial court cannot accept a guilty plea in a felony case "without first addressing the defendant personally and . . . determining that the defendant is making the plea voluntarily, with understanding of . . . the maximum penalty involved . . ." Crim.R. 11(C)(2)(a) (and any ineligibility for probation or community control).

**{¶20}** Typically, an appellant attempting to vacate his guilty plea must show that he suffered prejudice as a consequence of the trial court's failure to comply with Crim.R. 11(C)(2)(a).   The traditional rule requiring prejudice for reversal of a plea has two exceptions: (1) the failure to explain the constitutional rights being waived upon a plea; and (2) the complete failure to comply with a non-constitutional part of Crim.R. 11(C). *State v. Dangler*, 2020-Ohio-2765, ¶ 14-15. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16.  The test for prejudice is "whether the plea would have otherwise been made." *Id.* quoting *Nero* at 108.

**{¶21}** With respect to the maximum penalty (a non-constitutional right), the trial court has a duty to provide some notice on sex offender registration, if applicable, at the plea hearing. The *Dangler* Court "encourage[d] trial courts to be thorough in reviewing consequences of a defendant's decision to enter a plea, including those stemming from classification as a sex offender: the duty to register and provide in-person verification, the community-notification provisions, and the residency restrictions." *Dangler* at ¶ 25. Nonetheless, the Ohio Supreme Court opined the statutory sex offender scheme as a whole is punitive, but each separate aspect of the scheme is not a discrete criminal "penalty" for purposes of Crim.R. 11(C)(2)(a). *Id.* at ¶ 18-22. Accordingly, a reviewing court must determine: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type [constitutional right or complete failure] that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 17.

**{¶22}** Appellant contends the trial court's initial notice regarding the registration requirements constitutes a "material misadvisement." Just the opposite, the trial court first provided the required notice with respect to the two fifth-degree felonies. Prior to Appellant's execution of the written plea agreement, the trial court supplemented (not corrected) the initial notice with the registration requirements related to the third-degree felony. Even assuming arguendo that the trial court's bifurcated notice violated Crim.R. 11(C)(2)(a), Appellant has not asserted he would not have entered his plea had the sex offender registration notice for all three counts been provided at the same time.

**{¶23}** Accordingly, we find the trial court complied fully with the notice requirements of Crim.R. 11(C)(2)(a), and in the alternative, Appellant has not demonstrated any prejudice. Therefore, Appellant's second proposed assignment of error is without merit.

**{¶24}** Upon consideration, we fail to see any ineffective assistance of appellate counsel warranting a reopening. Accordingly, Appellant's pro se App.R. 26(B) application to reopen his direct appeal is hereby denied.

Case No. 25 BE 0022

**JUDGE KATELYN DICKEY**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**

TO THE CLERK: PLEASE SERVE COPIES OF THIS ORDER TO ALL COUNSEL OF RECORD AND ANY SELF-REPRESENTED PARTIES

<u>Case No. 25 BE 0022</u>